IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT C. KLUTTS, JR.,

    Petitioner,

v.                                                           Civil Action No. 3:19CV187

M. BOLSTER,

    Respondent.

## MEMORANDUM OPINION

Robert C. Klutts, Jr., a federal inmate proceeding *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 6) challenging the Bureau of Prisons' ("BOP") failure to award him additional good conduct time pursuant to the First Step Act.[1] Respondent has moved to dismiss on the grounds that, *inter alia*, Klutts failed to exhaust his administrative remedies. For the reasons set forth below, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED.

### I. Exhaustion of Administrative Remedies

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate filing a § 2241 Petition must properly exhaust his or her administrative remedies. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90, "so that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v.*

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

*McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" (citation omitted) (internal quotation marks omitted)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

## II. The BOP's Grievance Procedure

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by first attempting to resolve the matter informally. *See id.* § 542.13(a). If informal resolution is unsuccessful, the inmate must then submit "a formal written Administrative Remedy Request, on the appropriate form (BP–9)," *id.* § 542.14(a), at his place of incarceration. *See id.* § 542.14(d). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a).

## III. Klutts's Lack of Exhaustion

Klutts acknowledges that he has not exhausted his administrative remedies. (§ 2241 Pet. 2.) Klutts suggests that insufficient time exists before his scheduled release to exhaust his administrative remedies. (ECF No. 1, at 2.) That argument is unpersuasive. Klutts filed his initial 28 U.S.C. § 2241 Petition on March 20, 2019. (*Id.* at 1.) Prior to the recalculation of Klutts's good conduct time pursuant to the First Step Act, Klutts was scheduled to be released on April 8, 2020. (ECF No. 10, at 6 n.2.) According to Klutts, he will receive an additional 73 days of good conduct time pursuant to the First Step Act, thus moving his release date to January 26, 2020. (*Id.*

2

at 8 (citation omitted).) Klutts fails to demonstrate this roughly nine-month window would be insufficient to exhaust his administrative remedies as it generally takes six months or less to exhaust the administrative remedy process. *Gallardo v. Rios*, No. 18–CV–293 (ECT/HB), 2019 WL 3225771, at *3 (D. Minn. Feb. 1, 2019) (citing 28 C.F.R. § 542.18), *report and recommendation adopted*, No. 18–CV–00293 (ECT/HB), 2019 WL 3219694 (D. Minn. July 17, 2019); *Breazeale v. Shultz*, No. 09–2118 (NLH), 2009 WL 1438236, at *3 (D.N.J. May 19, 2009) (requiring petitioner to at least initiate administrative remedy process where he had two months before his release date). Accordingly, the action will be DISMISSED WITHOUT PREJUDICE to Klutts's refiling after he has exhausted his administrative remedies.

## IV. Conclusion

Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE to Klutts's refiling after he has exhausted his administrative remedies.

An appropriate Order will accompany this Memorandum Opinion.

/s/ Roderick C. Young
United States Magistrate Judge

Date: December 10, 2019
Richmond, Virginia

3